Mark C. Manning
Mark C. Manning, P.C.
1000 O'Malley Road, Ste. 202
Anchorage, Alaska 99515
(907) 278-9794 (907) 440-1548
manning@alaska.net
Counsel for Plaintiff Larsen

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| NORMAN E. LARSEN, TRUSTEE OF NORMAN E. LARSEN REVOCABLE TRUST UTA DATED APRIL 3, 2000,<br><br>               Plaintiff,<br><br>v.<br><br>COURTNEY NORAL, Official Number 978423 and all of its engines, machinery, tools, fishing nets and other fishing gear, fish processing equipment, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the vessel, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances appertaining or belonging to the vessel, whether owned at inception or acquired thereafter, whether on board or not, *in rem*,<br><br>               Defendant. | COMPLAINT *IN REM*<br><br>Case no. 3:26-cv- |

## COMPLAINT

Plaintiff Norman E. Larsen, Trustee of Norman E. Larsen Revocable Trust UTA

Dated April 3, 2000, alleges as follows:

1.     This action is brought pursuant to Supplemental Rule C for Admiralty or

Maritime Claims, is within the admiralty and maritime jurisdiction of this Court, pursuant

to 28 U.S.C. §1333 and 46 U.S.C. § 31325, *et seq.*, and is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2. Plaintiff Trustee is and at all times relevant has been trustee of Norman Larsen Revocable Trust UTA Dated April 3, 2000, having its principal place of business in Anchorage.

3. The *in rem* defendant, COURTNEY NORAL, official number 978423, is a vessel documented under the laws of the United States of America. It is a fiberglass hulled commercial fishing vessel now within the jurisdiction of this Court, lying afloat at Sand Point, Alaska.

4. On May 31, 2011, A&B Fisheries, Inc., owned the COURTNEY NORAL. Norman Larsen, Trustee of Norman E. Larson Revocable Trust UTA Dated April 3, 2000, owned 100% of the issued and outstanding shares of A&B Fisheries, Inc. Effective May 31, 2011, Norman E. Larsen Revocable Trust UTA Dated April 3, 2000, entered into a Purchase and Sale Agreement with Robin D. Larsen pursuant to which all of Norman Larsen Revocable Trust UTA Dated April 3, 2000's right, title and interest in A&B Fisheries' stock was conveyed to Robin D. Larsen, partly by gift and partly by sale. Upon closing of the Agreement, Robin D. Larsen became sole owner and president of A&B Fisheries, Inc. COURTNEY NORAL continued to be an asset of A&B Fisheries, Inc.

5. As partial consideration for the transfer of all A&B Fisheries, Inc, shares,

Case 3:26-cv-00169-SLG   Document 1   Filed 04/23/26   Page 2 of 7

Robin D. Larsen made a note in favor of Norman E. Larsen, Trustee of Norman E. Larsen Revocable Trust UTA Dated April 3, 2000. A true and correct copy of the Note is attached hereto as Exhibit 1. The Note obligated Robin D. Larsen to pay the principal amount of $1,500,000.00, with interest, in accord with the terms that appear in the Note.

6. To secure the debt evidenced by the Note, Robin D. Larsen, as president of A&B Fisheries, Inc, executed a Preferred Ship Mortgage against defendant COURTNEY NORAL. A true and correct copy of the Mortgage is attached hereto as Exhibit 2. The Mortgage was properly recorded with the Coast Guard Vessel Documentation Center and endorsed on the vessel's documents, as proven by the certification it bears, and is a valid and subsisting preferred mortgage. The Mortgage covers the whole of the Vessel, and all of its engines, machinery, tools, fishing nets and other fishing gear, fish processing equipment, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the vessel, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances appertaining or belonging to the vessel, whether owned at inception or acquired thereafter, whether on board or not, including but not limited to all present and future accessions to the vessel, equipment and appurtenances, and all other additions, improvements, and replacements made in or to the vessel, equipment and appurtenances.

7. The Note requires equal semi-annual payments of $93,500.00 due on November 30 and May 31 of each year, with the first payment due on November 30,

2011. The Note also provides that principal would bear interest from the date of the Note, June 1, 2011, at the rate of 2.5% per annum. Upon default of any payment, at Holder's option the sum owing would bear interest ate the rate of 5.0% per annum. Holder exercises that option for the period after July 1, 2024.

8.      Both the Note and the Mortgage provide that, upon default in payment, Plaintiff as Holder may declare the entire unpaid balance and all accrued interest immediately due. Plaintiff  hereby exercises that right.

9.      The Note and the Mortgage further provide that Robin D. Larsen is obligated to pay Trustee's costs of collection on the Note and enforcement of the Mortgage, including but not limited to reasonable attorneys' fees and costs.

10.      As reflected in the account history attached as Exhibit 3, the last payment on the Note occurred on July 1, 2014, and has been in default since, the unpaid balance from and after that date being $1,229,165.38.   Interest has accrued and will continue to accrue at $ 168.3788 per day from and after July 2, 2014.  Total interest accrued through April 1, 2026, is $722,008.29.

11.      Collection expenses and legal fees and expenses are accruing, the total amounts of which will be proven at the appropriate time.

WHEREFORE, Plaintiff prays as follows:

1.      that an *in rem* warrant of arrest issue, directing the United States Marshal to arrest the whole of the vessel COURTNEY NORAL and its and all of its engines,

*Larsen v. COURTNEY NORAL*
Case no.  3:26-cv-                                4

machinery, tools, fishing nets and other fishing gear, fish processing equipment, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the vessel, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances appertaining or belonging to the vessel, whether owned at inception or acquired thereafter, whether on board or not, including but not limited to all present and future accessions to the vessel, equipment and appurtenances, and all other additions, improvements, and replacements made in or to the vessel, equipment and appurtenances, and to hold the same pending further order of this Court;

2.      that Plaintiffs be awarded judgment *in rem*, declaring that the Preferred Ship Mortgage created a valid and subsisting maritime lien in favor of Plaintiff against COURTNEY NORAL and all of its engines, machinery, tools, fishing nets and other fishing gear, fish processing equipment, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the vessel, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances appertaining or belonging to the vessel, whether owned at inception or acquired thereafter, whether on board or not, including but not limited to all present and future accessions to the vessel, equipment and appurtenances, and all other additions, improvements, and replacements made in or to the vessel, equipment and appurtenances, that is prior and superior to all other liens, claims, and encumbrances

*Larsen v. COURTNEY NORAL*
Case no.  3:26-cv-                              5

whatsoever against the Vessel, and foreclosing Plaintiff's Mortgage lien against the Vessel together with and all of its engines, machinery, tools, fishing nets and other fishing gear, fish processing equipment, boats, anchors, chains, tackle, fittings, navigation equipment, and all other equipment and appurtenances appertaining or belonging to the vessel, gear, furnishings, appliances, fittings, spare and replacement parts, trailers, and any and all other appurtenances appertaining or belonging to the vessel, whether owned at inception or acquired thereafter, whether on board or not, including but not limited to all present and future accessions to the vessel, equipment and appurtenances, and all other additions, improvements, and replacements made in or to the vessel, equipment and appurtenances for all amounts due on the debt evidenced by the Note and Preferred Ship Mortgage, including without limitation, the note balance of $1,229,165.38, interest of $722,008.29 through April 1, 2026, and interest accruing thereafter, collection expenses and legal fees and expenses, the exact amounts to be proven at time of trial and judgment, any future costs of collection, reasonable attorney fees and other expenses allowed under the Note and the mortgage, and at law;

3.       that the court issue an order directing the U.S. Marshal to sell the Vessel in accordance with law, and that the sale proceeds be held in the Registry of this Court to be applied first to satisfy Plaintiff's *in rem* judgment;

4.       that Plaintiffs be allowed to credit bid at the Marshal's sale the amount of debt under the Mortgage in lieu of cash; and

*Larsen v. COURTNEY NORAL*
Case no.  3:26-cv-                                6

5.     that Plaintiffs be awarded such other and further relief as the Court may deem just and proper in the premises.

DATED at Anchorage, Alaska, this 1st day of April, 2026.

MARK C. MANNING, P.C.
Counsel for Plaintiff Larsen

By: _____
Mark C. Manning Alaska Bar No. 8110066

## VERIFICATION

### 28 USC §1746

I am Norman E. Larsen, Trustee of Norman E. Larsen Revocable Trust UTA dated April 3, 2000, plaintiff in this action.  The facts alleged in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  The sources of my information and the grounds for my belief are the Purchase and Sale Agreement between myself and Robin D. Larsen, the documents pertaining to that sale, the certified copy of the Preferred Ship Mortgage on the COURTNEY NORAL, official number 978423,  and information furnished me by legal counsel.

_4/1/26_____
Date

_____
Norman E. Larsen

*Larsen v. COURTNEY NORAL*
Case no. 3:26-cv-                          7